IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINTEN L. JACKSON,     *

   Plaintiff,     *

      v.     *     Civil Action No. RDB-13-1758

EXPERIAN FINANCIAL SERVICES,     *

   Defendant.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

The Plaintiff Quinten L. Jackson, proceeding *pro se*, asserts claims against the Defendant Experian Financial Services ("Defendant" or "Experian"), a credit reporting agency, for violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, and for defamation. Pending before this Court is Defendant's Motion to Dismiss ("Motion") (ECF No. 5). The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion (ECF No. 5) is GRANTED.

## BACKGROUND

Jackson's Complaint consists of a one-page statement of facts[1] with a rambling, unintelligible twelve-page attachment. *See* ECF No. 1-1. His allegations boil down to a claim that Experian reported a tax lien of $1,198.12 that he had already paid, causing his

---

[1] The form used for Jackson's Complaint is for claims made by prisoners pursuant to 42 U.S.C. § 1983. No allegations in any of Jackson's filings support a § 1983 claim.

application for a credit card to be refused. Jackson claims that these circumstances entitle him to relief from Experian in the form of damages totaling $550,000.00.

STANDARD OF REVIEW

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation therein must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). In general, a pleading must provide the defendant and the court with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, a complaint must allege sufficient facts to advance a plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a *pro se* plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even *pro se* litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for

viable claims." *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

ANALYSIS

The Complaint in this case is a one-page summary, followed by a twelve-page attachment. It is not a "short and plain statement, nor is it concise and direct." *Wynn-Bey*, 2012 WL 5986967, at *2. The Plaintiff's Memorandum in Opposition to the Motion to Dismiss does not address any of the legal arguments raised by Experian and states only in conclusory fashion that dismissal is improper and that he is entitled to judgment in his favor. Thus the Plaintiff "places an unjustifiable burden on [the Defendant] to determine the nature of the claims against [it] and to speculate on what [its] defenses might be," and unfairly burdens this Court "to sort out the factual basis of any claims fairly raised." *Id.* (citing *Holsey v. Collins*, 90 F.R.D. 122, 123 (D Md. 1981)); *Stone*, 184 F.R.D. at 555 ("The Complaint presents a tangled web of conclusory accusations that frequently fail to correspond with any supporting facts. As such, it places an unfair burden on the defendants and this Court to attempt to determine which claims have merit and which [do not].").

To the extent that the Plaintiff's filings contain any facts relating to the reporting of a satisfied tax lien on his credit report, he fails to state a claim upon which relief can be granted. First, this Court construes Jackson's Complaint as asserting claims that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 US.C. §§ 1681e(a) and 1681i(a), by improperly reporting that he had paid a tax lien to the State of Maryland. To state a claim

3

under these provisions of the FCRA, a plaintiff is required to demonstrate that his credit report contains inaccurate information. *See, e.g.*, *Brooks v. Midland Crdit Mgmt., Inc.*, No. WDQ-12-1296, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) (citing *DeAndrade v. TransUnion LLC*, 523 F.3d 61, 66-67 (1st Cir. 2008)). The information allegedly reported by Experian is accurate based on the documentation attached to Jackson's Complaint. *See* Release of Maryland Tax Lien, ECF No. 1-1 at 13 (reflecting that Quinten L. Jackson satisfied a tax lien of $1,198.12). Because the Plaintiff has not alleged an element of a claim pursuant to the FCRA, the Defendant's Motion will be granted.

Similarly, a false statement is an element of a defamation claim under Maryland law. *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 673 n.28 (D. Md. 2012) (citing *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012)). Because, as noted above, Jackson has not alleged a false statement by Experian, his defamation claim also fails.

Finally, Jackson wholly fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA applies only to actions taken by debt collectors in connection with the collection of a debt. 15 U.S.C. § 1692; *Powell v. Palisades Acquisition XVI, LLC*, No. RDB-13-0219, 2014 WL 334814, at *5 (D. Md. Jan. 29, 2014). Jackson does not allege that Experian is a debt collector that is covered by the FDCPA or that Experian took any action to collect a debt. Rather, Jackson simply states that Experian reported that the tax lien had been paid. The Fair Debt Collection Practices Act does not apply in this case, and Jackson's third claim is accordingly dismissed.

In sum, despite his *pro se* status, Jackson must still state his claims in "an understandable and efficient manner," *Stone*, 184 F.R.D. at 555, and he must plausibly show

that he is entitled to relief from the Defendant. *Iqbal*, 556 at 680 (2009) (citing *Twombly*, 550 U.S. at 570). His unintelligible and factually unsupported Complaint fails to meet these standards. Accordingly, his case is subject to dismissal.[2]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 5) is GRANTED without prejudice.

A separate Order follows.

Dated: February 26, 2014                    /s/
                                                                Richard D. Bennett
                                                                United States District Judge

---

[2] Without deciding whether process or service of process was defective in this case, because numerous other grounds for dismissal exist, this Court declines to dismiss on the basis of lack of personal jurisdiction because of any violation of Rule 4 of the Federal Rules of Civil Procedure.